IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) Crim. No. 03-26 Erie |
| | ) (Civil Action No. 05-113 Erie) |
| SHERWIN LYNCH | ) |

**Opinion and Order**

Before the Court is Petitioner Sherwin Lynch's Motion to Vacate under 28 U.S.C. 2255 filed at Criminal No. 03-26 (Doc. 22), and assigned Civil Action No. 05-113 Erie.

*Background*

A federal grand jury indicted the defendant with one count of possession with intent to distribute less than 500 grams of powder cocaine in violation of 21 U.S.C. § 841 (a)(1) & 841 (b)(1) (C). On May 21, 2003, Mr. Lynch pleaded guilty to the charge in the indictment. Pursuant to the plea agreement the parties agreed that Mr. Lynch's "adjusted base offense level should be raised to level 32 under U.S.S.G. §4B1.1 (Career Offender)." (Plea Agreement, ¶ C.3., attached as Ex. 1 to Government's Response.) With a three-level reduction for acceptance of responsibility, Mr. Lynch's total offense level was 29. Mr. Lynch's Criminal History, as a career offender, was VI, and thus he faced a guideline sentencing range of 151 to 188 months' imprisonment.

On April 5, 2004, Mr. Lynch was sentenced to 151 months' imprisonment, to be followed by 3 years' supervised release. He did not file an appeal of his sentence. Mr. Lynch timely filed a motion to vacate under section 2255 on April 11, 2005, in which he raises two claims. First, he argues that his Sixth Amendment rights were violated because the guideline sentencing range was based on facts other than prior convictions, that were not proven to a jury beyond a reasonable doubt, nor admitted by Mr. Lynch. (Motion to Vacate, at 5.) Mr. Lynch thus appears to claim that his sentencing contravenes the United States Supreme Court's decision in United States v. Booker,

543 U.S. 220, 125 S. Ct. 738 (2005). In Mr. Lynch's second claim he argues that the determination that he was a career offender overstated the seriousness of his prior crimes. (Motion to Vacate, at 5.)

*Evidentiary Hearing*

When a Motion is made under 28 U.S.C. §2255, the question of whether to order a hearing is committed to the sound discretion of the district court. In exercising that discretion, the court must accept the truth of the Petitioner's factual allegations unless they are clearly frivolous on the basis of the existing record. United States v. Day, 969 F.2d 39, 41-42 (3d Cir. 1992). Further, the court must order an evidentiary hearing to determine the facts unless the motion and files and records of the case show conclusively that the petitioner is not entitled to relief. Id.; United States v. Gordon, 979 F.Supp. 337, 339 (E.D. Pa. 1997).

We find no need for an evidentiary hearing as the record conclusively establishes that the Petitioner is not entitled to the relief sought in the petition. 28 U.S.C. § 2255.

**I. Standard of Review under 28 U.S.C. §2255**

Section 2255 of Title 28 of the United States Code provides a means of collaterally attacking a sentence imposed after a conviction. United States v. Cannistraro, 734 F.Supp. 1110, 1119 (D. N.J. 1989), aff'd, 919 F.2d 133 and 919 F.2d 137 (3d Cir. 1990), cert. denied, 500 U.S. 916. Pursuant to 28 U.S.C. §2255, a federal prisoner may move the sentencing court to vacate, set aside or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. §2255. Relief under this provision is "generally available only in 'exceptional circumstances' to protect against a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." United States v. Gordon, 979 F. Supp. 337, 339 (E.D. Pa. 1997), citing Hill v. United States, 368 U.S. 424, 428 (1962).

2

## II. Discussion

### A. Booker Claim

To the extent that Mr. Lynch is raising a claim that his sentence was imposed in violation of the United States Supreme Court's decision in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005), his claim must fail. The United States Court of Appeals for the Third Circuit has determined that Booker challenges are not applicable to collateral review claims like Mr. Lynch's. Lloyd v. United States, 407 F.3d 608 (3d Cir. 2005). In Lloyd, the Third Circuit court held that although the rule announced in Booker qualifies as a new rule of criminal procedure, it is not to be applied retroactively to prisoners whose judgment was final and who are in the initial § 2255 motion stage as of the date that the Booker decision was issued. "Because Booker announced a rule that is 'new' and 'procedural,' but not 'watershed,' Booker does not apply retroactively to initial motions under § 2255 where the judgment was final as of January 12, 2005, the date Booker issued." Lloyd, 407 F.3d at 616-617. Mr. Lynch's judgment was final no later than April 16, 2004 (ten days after his judgment of conviction was entered on the docket). Accordingly, the rule announced in Booker is not applicable to Mr. Lynch given that his judgment was final before the Booker decision was issued. Thus, this claim will be dismissed.

### B. Overstatement of Prior Criminal History

Mr. Lynch is procedurally barred from raising his claim that the career offender determination overstates his criminal record. Mr. Lynch's claim is one that could have been raised on direct review, but was not, and therefore it is defaulted and may not be raised in a section 2255 motion except under specific circumstances. Bousley v. United States, 523 U.S. 614, 621 (U.S. 1998). Thus, this claim must be dismissed unless Mr. Lynch can show cause and prejudice, or actual innocence.

"Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" Bousley, 523 U.S. at 622 (citing Murray v.

Carrier, 477 U.S. 478, 485 & 496 (1986); Wainwright v. Sykes, 433 U.S. 72, 87 (1977); and Smith v. Murray, 477 U.S. 527, 537 (1986); see also United States v. Frady, 456 U.S. 152, 167-68 (1982)).

To show cause, the petitioner "must establish that 'some external impediment' prevented him from raising the claim." Wise v. Fulcomer, 958 F.2d 30, 34 n. 9 (3d Cir. 1992 ) (quoting McClesky v. Zant, 499 U.S. 467 (1991); see also Frady, 456 U.S. at 170). "Prejudice exists where 'errors at trial . . . worked to [petitioner's] actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimensions.'" Coleman v. Thompson , 501 U.S. 722, 753 (1991); Murray v. Carrier, 466 U.S. 478, 494 (1986); see also Frady, 456 U.S. at 170. "Actual innocence" is concerned, with actual, as opposed to legal, innocence. Calderon v. Thompson, 523 U.S. 538, 559 (1998). "To establish actual innocence, petitioner must demonstrate that, ' "in light of all the evidence,"' 'it is more likely than not that no reasonable juror would have convicted him.'" Bousley, 523 U.S. at 623 (quoting Schlup v. Delo, 513 U.S. 298, 327-328 (1995)).

Mr. Lynch does not make any claim that he was actually innocent, in addition he has not shown any cause for failing to raise this claim on direct review.

Mr. Lynch also cannot show prejudice. We first note that Mr. Lynch agreed in his plea agreement that the career offender designation was applicable to him. Prior to sentencing, however, Mr. Lynch retained new counsel who filed objections on behalf of Mr. Lynch in which Mr. Lynch argued that he cannot be classified as a career offender pursuant to U.S.S.G. 4B1.1 because in Section B, Paragraph 3 of the Plea Agreement, the Government agreed "not to file an information, pursuant to 21 U.S.C. § 851, stating prior convictions as a basis for increased punishment." At the sentencing hearing, Mr. Lynch withdrew this objection as by then he understood "that the enhancement that's provided for by the notice of the 851 motion . . . is really separate and apart from the career offender enhancement." (Sentencing Transcript, at 2, attached as Ex. 3 to Government's Response.) Later in the proceedings, Mr. Lynch's counsel stated to the Court as follows:

4

> . . . The defendant would just simply ask that the court consider his prior record, although, we understand and that issue is already covered in the career offender enhancement - - but simply in your consideration of his prior record that the prior record is pretty far removed with regard to tome. It's more than 10 years ago. That's number one.
> Number two, that the total period of incarceration that the defendant did for three sets of charges was merely somewhere in the neighborhood of two years. So, again, that would be an indication of the seriousness of those, it was, perhaps, it may simply overstate - - ion October, I'm sure the court is aware of the new policy guidelines or notes - - that warrants downward departure.
> Your Honor, we would simply say that perhaps the defendant's prior record overstates the seriousness of that prior record. Since that period of time has passed and up until this point the defendant has been living a clean and a good life. . . . . He's been here in the states for a number of years and since that period of time, when he was a troubled youth, he's pretty much flown pretty straight.
> Your Honor, we would simply state this is perhaps nothing more than a terrible mistake and an aberration considering the past he's already established for himself.

(Sentencing Transcript, at 4-5.)

The government responded to Mr. Lynch's claim that the seriousness of his prior record is overstated by reviewing his history, and arguing that it was not overstated. (Sentencing Transcript, at 6-8.) Prior to sentence being imposed the government stated to the Court "it appeared to me from counsel's presentation that he was orally raising a claim that the prior criminal history overstated the career offender provisions, overstates his criminal history, which I think would typically be handled as a motion for downward departure. And if the court could specifically rule on his request today - - ." (8.) The Court answered by stating "I've heard nothing that would warrant a downward departure, I would deny such a request." (8.) Thus, we recognized that whether to depart downward based on an overstated criminal history was within our discretion, but we found no basis to depart downward. Mr. Lynch cannot show prejudice since, to the extent that the above colloquy indicates that Mr. Lynch did not raise the issue at sentencing, the Court clearly indicated that there was no basis for a downward departure.

Finally, to the extent that the above colloquy indicates that Mr. Lynch did raise the issue at sentencing, his claim has previously been raised and litigated in this Court. In that event, Mr. Lynch is not entitled to re-litigate the issue in his section 2255 petition. Withrow v. Williams, 507 U.S. 680, 720-721 (1993) (Scalia, J., concurring) ("Prior opportunity to litigate an issue should be

5

an important equitable consideration in any habeas case, and should ordinarily preclude the court from reaching the merits of a claim, unless it goes to the fairness of the trial process or to the accuracy of the ultimate result.") Since Mr. Lynch presents substantially the same argument as presented at sentencing, we decline to address his claim again.

### E. Certificate of Appealability

The remaining issue before this Court is whether a certificate of appealability ("COA") should be issued with respect to Mr. Lynch's motion to vacate. In Slack v. McDaniel, 529 U.S. 473, 120 S.Ct. 1595 (2000), the United States Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack, 529 U.S. at 484. Here, we find that jurists of reason would not find it debatable whether Mr. Lynch states a valid claim of the denial of a constitutional right and jurists of reason would not find it debatable whether we were correct in our procedural ruling that his motion was procedurally barred. We also conclude that Mr. Lynch has failed to show a substantial denial of a constitutional right. Accordingly, a certificate of appealability will not be issued with respect to Petitioner's motion to vacate.

### III. Conclusion

Mr. Lynch's section 2255 motion will be denied, and a certificate of appealability will not be issued.

Accordingly, the following order is therefore entered.

AND NOW, to-wit, this __17th__ day of May, 2007, for the reasons stated above, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

6

Petitioner's Amended Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 22), be and hereby is DENIED.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that a certificate of appealability SHOULD NOT ISSUE with respect to this Court's instant Order denying Mr. Lynch's § 2255 Motion because, for the reasons set forth in the Opinion accompanying this Order which addresses his § 2255 Motion, Mr. Lynch has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). <u>See also</u> Third Circuit Local Rule 22.2 (stating that "[i]f an order denying a petition under . . . § 2255 is accompanied by an opinion . . . it is sufficient if the order denying the certificate [of appealability] references the opinion . . . .").

_/s/ Maurice B. Cohill, Jr._
Maurice B. Cohill, Jr.
Senior United States District Judge